IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JONATHAN POLLARD,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　Defendant. | CASE NO. 1:22-cv-00082<br><br>MAGISTRATE JUDGE AMANDA M. KNAPP<br><br>**MEMORANDUM OPINION AND ORDER** |

　　　　Plaintiff Jonathan Pollard ("Plaintiff" or "Mr. Pollard") seeks judicial review of the final decision of Defendant Commissioner of Social Security ("Defendant" or "Commissioner") denying his application for Supplemental Security Income ("SSI"). (ECF Doc. 1.) This Court has jurisdiction pursuant to 42 U.S.C. § 405(g). This case is before the undersigned pursuant to the consent of the parties. (ECF Doc. 10.)

　　　　For the reasons explained herein, the final decision of the Commissioner is **VACATED** and the case is **REMANDED**, pursuant to 42 U.S.C. § 405(g) sentence four, for further proceedings consistent with this Order. On remand, the ALJ should apply the standard of review articulated by the Sixth Circuit in *Earley v. Comm'r of Soc. Sec.*, 893 F.3d 929 (6th Cir. 2018) to any consideration of a prior ALJ's residual functional capacity finding.

## I.　　Procedural History

### A.　　Prior Application

　　　　Mr. Pollard filed a prior SSI application on October 26, 2015, alleging disability beginning on October 23, 2015. (Tr. 145.) On March 13, 2018, an Administrative Law Judge

1

(hereinafter "prior ALJ") found him not disabled since October 26, 2015, the date the application was filed. (Tr. 142-58 ("2018 ALJ decision").) The 2018 ALJ decision held that Mr. Pollard had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels with the following non-exertional limitations: limited to simple tasks; limited to routine and repetitive tasks; limited to occasional interaction with a small group of coworkers where the contact is casual in nature; limited to occasional, superficial interaction with the public; and limited to simple work-related decisions. (Tr. 149.)

**B.      Current Application**

On January 27, 2020, Mr. Pollard filed the SSI application that is the subject of this appeal, alleging a disability onset date of October 23, 2015. (Tr. 17, 275-80.) His application was denied at the initial level (Tr. 187-90) and upon reconsideration (Tr. 193-94). He then requested a hearing. (Tr. 195.) On December 22, 2020, a hearing was held before an Administrative Law Judge ("ALJ"). (Tr. 110-41.) A supplemental hearing was conducted on March 25, 2021 (Tr. 89-109) to obtain vocational expert testimony that could not be completed during the initial hearing (Tr. 92).

The ALJ issued an unfavorable decision on May 18, 2021, finding Mr. Pollard had not been under a disability since January 27, 2020, the date the application was filed. (Tr. 14-32.) In her decision, the ALJ explained that she was "bound by the principles of res judicata to find that the claimant's severe impairments have limited h[im] to no greater than the non-exertional limitations that the prior administrative law judge (ALJ) found." (Tr. 17.)

Plaintiff requested review of the decision by the Appeals Council. (Tr. 269-72.) The Appeals Council denied his request for review on November 10, 2021, making the ALJ's decision the final decision of the Commissioner. (Tr. 1-7.)

## II.     Plaintiff's Argument

Plaintiff's sole assignment of error is procedural in nature. (ECF Doc. 8, p. 6.) He argues the ALJ's decision is not supported by substantial evidence because the ALJ erroneously applied the standard of review enunciated in *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837 (6th Cir. 1997), when "she considered the RFC finding of the prior ALJ to be a mandatory starting point for her analysis of Plaintiff's new application for benefits." (*Id.* at pp. 1, 8.) He contends that the application of the wrong standard of review "created an unwarranted procedural burden for Plaintiff at his hearing on the current application for benefits in violation of the Sixth Circuit's decision in *Earley v. Commissioner of Social Security*, 893 F.3d 929 (6th Cir. 2018)." (*Id.* at p. 8.)

## III.    Standard for Disability

Under the Social Security Act, 42 U.S.C § 423(a), eligibility for benefit payments depends on the existence of a disability. Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

> An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]

42 U.S.C. § 423(d)(2)(A).

In making a determination as to disability under this definition, an ALJ is required to follow a five-step sequential analysis set out in agency regulations. The five steps can be summarized as follows:

3

1. If the claimant is doing substantial gainful activity, he is not disabled.

2. If the claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.

3. If the claimant is not doing substantial gainful activity, is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, the claimant is presumed disabled without further inquiry.

4. If the impairment does not meet or equal a listed impairment, the ALJ must assess the claimant's residual functional capacity and use it to determine if the claimant's impairment prevents him from doing past relevant work. If the claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.

5. If the claimant is unable to perform past relevant work, he is not disabled if, based on his vocational factors and residual functional capacity, he is capable of performing other work that exists in significant numbers in the national economy.

20 C.F.R. § 416.920; *see also Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987). Under this sequential analysis, the claimant has the burden of proof at Steps One through Four. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997). The burden shifts to the Commissioner at Step Five to establish whether the claimant has the Residual Functional Capacity ("RFC") and vocational factors to perform other work available in the national economy. *Id.*

### IV. The ALJ's Decision

In her May 18, 2021 decision, the ALJ made the following findings:[1]

1. The claimant has not engaged in substantial gainful activity since January 27, 2020, the application date. (Tr. 20.)

2. The claimant has the following severe impairments: history of angioedema attacks, posttraumatic stress disorder, antisocial personality disorder/borderline personality disorder, generalized anxiety disorder, and unspecified bipolar disorder. (*Id.*) The claimant has the following non-severe impairments: hypertension, hyperglycemia, acute alcoholic pancreatitis, colitis, hyponatremia, nicotine use disorder, transaminitis, insomnia, alcohol dependence, and polysubstance abuse. (*Id.*)

---

[1] The ALJ's findings are summarized.

4

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (Tr. 20-22.)

4. The claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following non-exertional limitations: he is limited to simple, routine and repetitive tasks (consistent with unskilled work); he is limited to occasional interactions with a small group of coworkers where the contact is casual in nature; he is limited to occasional superficial interaction (meaning of a short duration for a specific purpose with the public); and he is limited to simple work-related decisions. (Tr. 22-26.)

5. The claimant is unable to perform any past relevant work. (Tr. 26.)

6. The claimant was born in 1964 and was 56 years old, which is defined as an individual of advanced age, on the date the application was filed. (*Id.*)

7. The claimant has at least a high school education. (*Id.*)

8. Transferability of job skills is not material to the determination of disability. (*Id.*)

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform, including kitchen helper, industrial cleaner, and grocery bagger. (Tr. 26-27.)

Based on the foregoing, the ALJ determined that Mr. Pollard had not been under a disability since January 27, 2020, the date the application was filed. (Tr. 27.)

## V. Law & Analysis

### A. Standard of Review

A reviewing court must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record. *See Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009) ("Our review of the ALJ's decision is limited to whether the ALJ

5

applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence.").

When assessing whether there is substantial evidence to support the ALJ's decision, the Court may consider evidence not referenced by the ALJ. *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Besaw v. Sec'y of Health & Hum. Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992) (quoting *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989)). The Commissioner's findings "as to any fact if supported by substantial evidence shall be conclusive." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006) (citing 42 U.S.C. § 405(g)). "'The substantial-evidence standard . . . presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts.'" *Blakley*, 581 F.3d at 406 (quoting *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)). Therefore, a court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). Even if substantial evidence supports a claimant's position, a reviewing court cannot overturn the Commissioner's decision "so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003).

Although an ALJ decision may be supported by substantial evidence, the Sixth Circuit has explained that the "'decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r Soc. Sec. Admin.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007) (citing

6

*Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-547 (6th Cir. 2004))). A decision will also not be upheld where the Commissioner's reasoning does not "build an accurate and logical bridge between the evidence and the result." *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 877 (N.D. Ohio 2011) (quoting *Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996)).

**B.     Sole Assignment of Error: Whether the ALJ Applied the Wrong Standard of Review in Considering the RFC Findings in the 2018 ALJ Decision**

In his sole assignment of error, Mr. Pollard argues that the ALJ incorrectly applied *Drummond*, 126 F.3d 837, in contravention of the Sixth Circuit's decision in *Earley*, 893 F.3d 929, when "she considered the RFC finding of the prior ALJ to be a mandatory starting point for her analysis of Plaintiff's new application for benefits." (ECF Doc. 8, p. 8.). The Commissioner argues in response that the ALJ did not apply an incorrect standard, but followed *Earley* by giving "a fresh look to the new evidence and decided that Plaintiff's condition had not materially changed . . . and that the evidence showed he retained the same abilities and limitations as found by the prior ALJ." (ECF Doc. 11, pp. 6-7.) She also asserts that any error by the ALJ in applying *Drummond* should be found harmless and not reversible error (*id.* at pp. 7-8) because Mr. Pollard "points to *no* evidence supporting greater limitations than assessed by the ALJ, nor does he challenge any of the ALJ's substantive findings, including her finding of non-severe physical impairments at step two" (*id*. at p. 1 (emphasis in original)).

    **1.     Standard of Review for Consideration of 2018 ALJ Decision**

In *Drummond*, the Sixth Circuit cited to "the principles of res judicata" in holding: "Absent evidence of an improvement in a claimant's condition, a subsequent ALJ is bound by the findings of a previous ALJ." 126 F.3d at 841-42. In a related Acquiescence Ruling, the Social Security Administration ("SSA") applied *Drummond* as follows:

7

> When adjudicating a subsequent disability claim with an unadjudicated period arising under the same title of the Act as the prior claim, adjudicators must adopt such a finding from the final decision by an ALJ or the Appeals Council on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding or there has been a change in the law, regulations or rulings affecting the finding or the method of arriving at the finding.

AR 98-4(6), 63 Fed. Reg. 29771, 29773 (June 1, 1998).

More recently, in *Earley*, the Sixth Circuit reexamined *Drummond* and its reliance on principles of res judicata, and observed: "Unusual facts, it seems to us, led to some overstatement in *Drummond* but not to an incorrect outcome." 893 F.3d at 933. While *Drummond* was decided based on res judicata principles, the *Earley* court clarified that "res judicata only 'foreclose[s] successive litigation of the very same claim,'" while "'a claim that one became disabled in 1990 is not the same as a claim that one became disabled in 1994.'" *Id.* (citations omitted). Thus, the *Earley* court made it clear that the doctrine of res judicata does not apply when a claimant has filed a new application seeking benefits for a new period of disability.

The Sixth Circuit went on to state that the inapplicability of res judicata to such cases "helps to explain why *Drummond* referred to 'principles of res judicata' – with an accent on the word 'principles.'" *Earley*, 893 F.3d at 933 (citing 126 F.3d at 841–43). The court described the applicable principles as "[f]inality, efficiency, and the consistent treatment of like cases," and explained that an ALJ "honors those principles by considering what an earlier judge found with respect to a later application and by considering that earlier record." *Id.* (citations omitted). Accordingly, the Sixth Circuit held: "it is fair for an administrative law judge to take the view that, absent new and additional evidence, the first administrative law judge's findings are a legitimate, albeit not binding, consideration in reviewing a second application." *Id*. The court refused to hold that an ALJ "should completely ignore earlier findings and applications,"

8

explaining that "[f]resh review is not blind review" and "[a] later administrative law judge may consider what an earlier judge did if for no other reason than to strive for consistent decision making." *Id.* at 934.

### 2. Whether ALJ Applied Proper Legal Standard in Formulating RFC

The ALJ made the following findings on the first page of the challenged decision, citing to *Drummond* and Acquiescence Ruling 98-4(6):

> Procedurally, in Drummond v. Comm'r of Soc. Sec., the Sixth Circuit held that the principle of res judicata applied and that the prior administrative law judge's findings as to residual functional capacity were binding on the Social Security Administration in subsequent claims in the absence of new and additional evidence or changed circumstances. (See Drummond vs. Comm'r of Soc.Sec., 126 F.3d 837 (6th Cir. 1997); AR 98-4(6); see also HALLEX I-5-5-62). Upon careful consideration of the medical evidence, <u>the undersigned finds that new and material evidence or changed circumstances have not been established</u> after the prior administrative law judge's decision dated March 13, 2018. Accordingly, <u>the undersigned is bound by the principles of res judicata to find that the claimant's severe impairments have limited her to no greater than the non-exertional limitations that the prior administrative law judge (ALJ) found</u> (See Exhibit B1A).

(TR. 17 (emphasis added).) Mr. Pollard argues this finding was erroneous because "it cites *Drummond* for the very principle that *Earley* rejected – that absent changed circumstances, a subsequent ALJ is bound by the findings of a previous ALJ." (ECF Doc. 8, p. 10.) The Commissioner responds that the ALJ "did not simply apply *Drummond* and ignore any additional evidence submitted after [the prior] ALJ['s] [] decision," but rather "found that the updated evidence . . . did not support any new severe physical impairments, nor did it change the RFC determination." (ECF Doc. 11, p. 7.)

A review of the decision does reveal that the ALJ considered updated evidence, including evidence regarding medically determinable impairments that were not addressed by the prior ALJ. For example, she classified two new mental impairments as "severe," generalized anxiety disorder and unspecified bipolar disorder (*compare* Tr. 20 *with* Tr. 147) and discussed recent

9

treatment records and findings relating to Mr. Pollard's mental health (Tr. 23-25). She also identified new "non-severe" impairments that included hypertension, hyperglycemia, acute alcoholic pancreatitis, colitis, hyponatremia, nicotine use disorder, transaminitis, insomnia, alcohol dependence, and polysubstance abuse. (*Compare* Tr. 20 *with* Tr. 147.) She found the non-severe impairments "placed no more than a minimal limitation on his ability to perform basic work activities for the required 12-month durational period," and that the "intermittent pancreatitis attacks . . . were precipitated by alcohol abuse." (Tr. 20.)

The ALJ also discussed new medical evidence regarding the non-severe impairments, particularly pancreatitis attacks precipitated by alcohol abuse. (Tr. 23-25.) She explained:

> Gastroenterologist Michael J. Pollack, M.D. treated the claimant on November 4, 2019 and noted that the claimant was recovering from severe alcoholic pancreatitis (Ex. B3F/4). He had a history of severe alcoholic necrotizing pancreatitis with inflammatory collection status post drainage. He was in the ICU with secondary bowel obstruction and had a prolonged stay in ICU and Regency. He lost a total of 50 pounds. However, he was improving and he indicated that he will never drink again. Examination showed no abdominal tenderness (Ex. B3F/9). He had normal range of motion. He had normal memory, affect, and judgment.
>
> The claimant treated in the emergency department on February 28, 2020 for abdominal pain and vomiting after drinking shots of vodka and two beers (Ex. B7F/8). Examination showed normal range of motion (Ex. B7F/10). His abdomen was flat. Bowel sounds were normal. There was fluid wave and hepatomegaly. He had generalized abdominal tenderness and guarding. He was diagnosed with acute interstitial/edematous pancreatitis with acute peripancreatic collection (Ex. B7F/11). He was discharged from the hospital on March 2, 2020 (Ex. B7F/30).

(Tr. 23.) She went on to state:

> Deidra Bobincheck, APRN, CNP treated the claimant on April 20, 2020 for abdominal pain and right upper quadrant pain that was intermittent, and at times, severe (Ex. B7F/6). He reported he was smoking 0.5 packs of cigarettes daily. Examination findings showed no abdominal distension, but there was abdominal tenderness (Ex. B7F/7). There was guarding. He was diagnosed with alcohol-induced chronic pancreatitis, hyperglycemia, fatigue, insomnia, snoring, and tobacco abuse.

> On July 4, 2020 through July 6, 2020, the claimant was hospitalized for acute on chronic pancreatitis with abdominal pain (Ex. B9F/9). He complained of upper quadrant abdominal pain with associated nausea and vomiting.

(Tr. 24.) Thus, the Commissioner was correct in observing that the ALJ discussed the updated medical evidence in support of her decision. But the question remains whether the ALJ applied the appropriate legal standard in balancing her consideration of that new evidence against the findings of the prior ALJ in the 2018 ALJ decision.

When an ALJ makes an outdated reference to the *Drummond* standard, courts have focused on whether "the ALJ properly applied the correct legal standards in a manner consistent with the Sixth Circuit's decision in *Earley*," rather than the outdated citation itself. *See, e.g., Civitarese v. Comm'r of Soc. Sec.*, No. 1:19-CV-2015, 2020 WL 4366077, *13 (N.D. Ohio July 30, 2020) ("[T]his court reviews whether the ALJ *applied proper legal standards*, not whether the ALJ provided *proper legal citations*.") (emphasis in original). Here, the ALJ explicitly applied the *Drummond* standard – specifically, its holding that a prior ALJ's RFC findings are "binding" in the absence of new and additional evidence or changed circumstances – even though the governing standard had already been corrected and clarified by the Sixth Circuit in *Earley*.[2] (Tr. 17.) The question therefore becomes whether the ALJ effectively applied a legal standard consistent with *Earley*, regardless of her outdated citation to *Drummond*.

The Sixth Circuit in *Earley* held: "it is fair for an administrative law judge to take the view that, absent new and additional evidence, the first administrative law judge's findings are a legitimate, <u>albeit not binding</u>, consideration in reviewing a second application." *Earley*, 893 F.3d at 933 (emphasis added). Here, the ALJ held that she was "<u>bound</u> by the principles of res judicata" to find Mr. Pollard had no greater limitations than those adopted in the 2018 ALJ

---

[2] *Earley* was decided by the Sixth Circuit in 2018. *See* 893 F.3d 929. The ALJ decision challenged in this case was issued three years later, on May 18, 2021. (Tr. 14, 27.)

decision because neither "new and material evidence" nor "changed circumstances" had been established. (*Id.*) Further, she provided no clear explanation to support her finding that the new medically determinable impairments and updated medical records she discussed in her decision failed to demonstrate "new and material evidence" or "changed circumstances."

While it is certainly possible the ALJ undertook a "fresh review" consistent with *Earley* before adopting the RFC adopted in the 2018 ALJ decision, that fact is not evident from the language of the decision itself. Although the ALJ considered new medical records and findings, her language suggests she felt "bound" to adopt the prior RFC findings unless she identified "new and material evidence." (Tr. 17.) Under *Earley*, the prior ALJ findings were "not binding" and there was no requirement that she limit her consideration to new and material evidence or changed circumstances. *See* 893 F.3d at 933. Thus, the Court cannot find based on a review of the ALJ decision that she "applied the correct legal standards in a manner consistent with the Sixth Circuit's decision in *Earley*." *Civitarese*, 2020 WL 4366077 at *13; *cf. id.* ("[T]he record does not show that the ALJ improperly applied *Drummond* by concluding that the prior RFC finding had issue-preclusive effect. Notably, the ALJ never indicated that the prior RFC finding was binding, or that he was 'required to' or 'must' adopt it.").

For the reasons set forth above, the Court finds that the ALJ decision lacks the support of substantial evidence and fails to build "an accurate and logical bridge between the evidence and the result." *See Fleischer*, 774 F. Supp. 2d at 877 (explaining "this Court cannot uphold an ALJ's decision, even if there 'is enough evidence in the record to support the decision, [where] the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result'") (quoting *Sarchet*, 78 F.3d at 307) (brackets in original). The Commissioner's argument that the error was harmless is not well-taken. Instead*,* the Court finds

12

that remand is appropriate and "the ALJ should have another opportunity to review the application under the correct standard." *Earley*, 893 F.3d at 934.

## VI. Conclusion

For the reasons explained herein, the final decision of the Commissioner is **VACATED** and the case is **REMANDED**, pursuant to 42 U.S.C. § 405(g) sentence four, for further proceedings consistent with this Order. On remand, the ALJ should apply the standard of review articulated by the Sixth Circuit in *Earley v. Comm'r of Soc. Sec.*, 893 F.3d 929 (6th Cir. 2018) to any consideration of a prior ALJ's residual functional capacity findings.

July 24, 2023              */s/ Amanda M. Knapp*
                           AMANDA M. KNAPP
                           UNITED STATES MAGISTRATE JUDGE